### THOMPSON, Admr., v. GRIGGS *et al.*

#### *Appeal from Woodbury District Court — Friday, July* 29.

##### SHERIFF'S SALE.

ACTION in equity to set aside a sheriff's sale of real estate. Judgment for defendant, and the plaintiff appeals. The further facts are stated in the opinion.

*Joy & Wright* for the appellant — *O. C. Treadway* and *John Currier* for the appellees.

COLE, Ch. J. — In December, 1860, the defendant, L. P. Griggs, brought suit by attachment upon a note against one C. C. Thompson; service of notice was made by publication, and judgment was recovered for the amount claimed, in April, 1861. Special execution was issued, and the attached property, a quarter section of land, was sold in a lump, having been first offered in forties, to the plaintiff in the execution, for three hundred dollars. After the sale, and in July, 1861, the judgment defendant, who was a non-resident, departed this life. This plaintiff was afterward appointed administrator; and at the November term, 1862, he appeared in the case, asked for a retrial, which was granted, and he filed his answer. At the April term, 1863, he moved to set the judgment aside, because it was a personal one; and also moved to dissolve the attachment; both motions were overruled and the administrator excepted. He afterward moved to set aside the sale under the special execution, because the original notice in said cause was insufficient; there was no proof that the notice was served; the judgment was a personal one, and notice was served by publication only. At the same term his motion was overruled, excepted to, and a bill of exceptions thereon was duly filed. At the same term the administrator withdrew his appearance as to the motion for new trial, and answer in the case.

Thus the record stood till this case in equity was commenced in April, 1866, the purchaser at the sale having in the mean time sold

and conveyed the property to a third person, who is made defendant herein. No cause for setting aside the sale is set up in the petition in equity, other than was adjudicated in the previous proceedings in 1862 and 1863, unless it may be the sale in a lump. No showing was made why this cause was then omitted.

Before the hearing of the case in the district court the defendant Griggs offered to satisfy his judgment under which the sale was made, it being about one thousand dollars, and nearly, if not quite, the full value of the land at time of sale. The court ordered such satisfaction and dismissed the plaintiff's petition, each party to pay one-half the costs. It is difficult to see how this plaintiff could, in view of the previous adjudication, ask more. Such previous proceedings, with full knowledge thereof of all the facts, and the subsequent delay of three years and till the property had passed into the hands of a subsequent purchaser, should in equity estop the plaintiff from demanding more than was given him by the decree below, which is

Affirmed.